### NEWARK (CITY) v. NEVADA M. JONES.

CITY LIABLE FOR INJURIES RESULTING FROM LEAVING BRIDGE, BEING SWEPT AWAY, UNGUARDED, THOUGH IT IS THE DUTY OF COUNTY COMMISSIONERS TO BUILD IT.

> Although it is the duty of the county commissioners to build bridges on state or county roads, or any of those denominated in the statutes, passing through a city not entitled to a portion of the bridge fund of the county, and forming part of a street (There is no direct authority anywhere that county commissioners have the right to build bridges on streets simply as such) the city is not thereby absolved from the duty, imposed by statute, to keep its streets, including bridges, open, in repair and free from nuisance. And for injuries resulting from a failure so to do, or to properly guard dangers when bridge is swept away, the city is liable.

On Re-hearing.

DOUGLASS, J.

A former case, styled Alonzo B. McDowell v. City of Newark, ante 0.0, which had its foundation on the same facts as the one here presented, was passed upon by this court, and the judgment of the court below was sustained adversely to the claim of the plaintiff in error. But counsel for the city appear in this case, which involves the same facts, and grows out of the same transaction, and presents anew this question with commendable zeal and very ably and well to this court, and asks that we re-open the case, and if we are in error, that we should correct ourselves, which we are willing to do, knowing that it is better to be right than to be consistent with a previous error. In this view of the case we have considered it, and I will not say anything further or take the time here, because it would not be fruitful in this connection further than to supplement what we have previously said. We still adhere to the opinion announced at a former term of this court. Gleaning from

the brief statement of facts that was made in the announcement of the other opinion sufficient to lay the foundation for what I desire to say, (because the question here presented is that we shall consider this case as if submitted upon a demurrer to the petition), it appears, briefly stated, that the petition was founded upon these facts: The action was brought by the defendant in error against the city of Newark, plaintiff in error, to recover damages for personal injuries alleged to have been sustained on November 4, 1893, by reason of driving into a pit on the right of an old bridge on Clinton street in the city of Newark. The substance of the petition is that the city of Newark is a municipal corporation, and as such has control and management of the streets, alleys, public grounds, etc., and is charged to keep them open, in repair, and free from nuisance. The further averment is made that Clinton street is within the city of Newark; that prior to the happening of the grievances complained of, a contract was entered into by and between the Lane Brothers Bridge and Construction Company and the county commissioners to erect a bridge over what is commonly known as Log Pond Run, running transversely across the street.

The petition further states that this excavated place, or hole, was left open, and that the plaintiff, Nevada Jones, had no notice or knowledge of any such place. That it was wholly ungarded and unprotected, and he drove the horse and buggy into the pit, and was personally injured, and prays damages in this case for the sum of three hundred dollars.

This case was originally tried before a justice of the peace, and then in the court of common pleas. That is the substance of the petition. While answer is filed, and the case is tried on the merits, the request is here made that we shall consider this case as if submitted upon a demurrer to the petition.

The theory upon which this case was tried and the contentions are on this question: whether or not, when the county commissioners took jurisdiction to build this bridge on Clinton street in the city of Newark, made a contract for it and are building it, leaving that ungarded and open on a street of the city of Newark, absolves the city from any liability by reason of any person in the night season driving into that pit and being injured, in the face of section 2640 Rev. Stat., which charges the municipal corporation with the duty of keeping its streets, lanes, alleys, public grounds and bridges open, in repair and free from nuisance. If the city had put this bridge in the condition complained of, its liability would be undoubted; but the whole question is made in the statement that I have heretofore announced. And the question here is as to whether the facts stated in the petition entitle the plaintiff to the relief demanded. This exact question has not been decided in Ohio. A reference to some authorities are helpful in reaching a conclusion, but they are only analogies. An examination of these cases leads us to the sections of the statute which are involved in the inquiry, and which impose certain duties upon the city as well as county commissioners. An important matter in reaching a solution of this question is to remember that bridges are a part of the streets of the city as well as any other portion; it is so decided by the Supreme Court, and they are so recognized as a part of the streets of the city; and another consideration worthy of note is that there is no authority given anywhere by which county commissioners can build bridges on streets as such. A reference to sections 4938 and 860, and all the sections bearing upon this sub-

ject, show that they simply have reference to state and county roads, turnpikes, plank roads, etc., but there is no direct authority to build bridges on streets as such. Again, bridges are a part of the public streets; and we think these are important considerations.

The first case cited which bears upon this contention is Perry Co. v. Railroad Co., 43 O. S., 451, being a case in which the county commissioners seek to recover damages from a railroad company for injury to a bridge, and because there was a special statute empowering county commissioners, if a bridge was injured by another corporation, to bring an action, the court held that the county commissioners could bring an action and recover damages, and that the damages recovered should be used in reconstructing the bridge. That was a village, however, and without referring to that case further, I will refer to Mahoning Co. v. Railway Co., 45 O. S., 401· This is the Mahoning county case by which the county commissioners, by reason of a special act of the legislature, were seeking to bring the same kind of an action under this special act.

"The act of April 8, 1880, entitled 'An act to authorize the commissioners of Mahoning county to build a bridge across Mahoning river," gave to the commissioners authority to build a bridge across the Mahoning river in the city of Youngstown, at the foot of Market street, and the city, by ordinance, gave the commissioners the right to use and occupy so much of Market street as might be necessary in the building of a bridge and constructing approaches thereto. Under the authority thus given the commissioners proceeded to build a bridge. By their petition, the commissioners set out the above facts and charge that the defendant, in constructing its railroad along the bank of the river under the south end of the bridge, excavated dirt near one of the abutments of the bridge in such a way as to render the same insecure, and to damage the bridge and render it unsafe for travel. Held: That the commissioners cannot maintain an action to recover damages for such alleged injury."

The court, after stating the doctrine that boards of county commissioners have such powers and such only as are conferred by statute, and may bring such actions, and such actions only as are directly authorized, then comes to a further discussion of this matter, and says:

" Commissioners have not only the general power to erect and maintain bridges in their respective counties, but it is their duty to do so; and that, if the language of sec. 863 is not broad enough to embrace a bridge 'the property of the county,' then the special act of April 8, 1880, brings this particular bridge within the meaning of the sections referred to.

"Section 863 provides that where a bridge on any state or county road, or any public building, the property of, or under the control or supervision of any county, is injured or destroyed by any person or corporation, such person or corporation shall be subject to an action for damages, and the board of commissioners is authorized to sue and recover for such injury or impairment. Then providing how the money shall be expended. Two important features of this section will be noted: 1. As to bridges, its terms are confined to such as are located 'on any state or county road.' 2. The money recovered is to be appropriated by the commissioners to the repair of such bridge, or to reimbursing the county for expenditures in that behalf." Section 860 is the section which provides that " the commissioners shall construct and keep in repair, all necessary bridges over streams and public canals on all state and county

roads, free turnpikes, improved roads and abandoned turnpikes and plank-roads, in common public use, except only in such cities and villages as by law have the right to demand and receive part of the bridge fund levied upon property within the same."

That is one of the sections chiefly concerned in this case.

" Section 4938, Rev. Stat., provides that the commissioners of the several counties shall cause to be constructed and kept in repair, in the manner prescribed by law, all necessary bridges in villages and cities not having the right to demand and receive any portion of the bridge fund levied upon property within such corporation, on all state and county roads, free turnpikes, improved roads, transferred and abandoned turnpikes and plank roads, which are of general and public utility running into and through any such village or city.  *  *  *

" The purpose of the exceptions seems to be obvious.  By section 2640, Rev. Stat., it is made the duty of the council to cause all bridges within the corporation to be kept open and in repair, and this requirement has no modification save as to those municipalities which cannot receive any portion of the bridge fund.  In such, upon county roads, etc., the commissioners must keep the bridges in repair.  The municipality pays the whole of its tax raised for bridges into the county bridge fund, and it is but fair that the county should keep up the county bridges."

The case State v. Comrs. 49 O. S., 301, was an action in mandamus to compel the county commissioners to build a certain bridge, and the question decided in that case was that it was a discretionary matter, resting with the county commissioners, and could not be enforced in that way.  However, there is a discussion there with reference to these sections of the statute, but not aimed at the question here, and it is not important in this consideration.

The case Zanesville v. Fannan, 53 O. S., 605, is not a case of this kind, but there is some analogy and suggestion in it.  That case is one in which the city council granted to a street railway the right to lay its track in the street.  The drainage was obstructed, and there it was held that the action might be brought against either of the parties—either against the city primarily, or against the railroad company.

Elliott on Roads and Streets is cited in view of the injustice that would arise in an action of this kind if the county commissioners should take charge of a street for the purpose of constructing a bridge, made an excavation, and leave it unguarded, that the city ought to be exonerated, notwithstanding this statute, from guarding the street; that it is unjust, that they do not have the funds for the purpose ; that they allow the county to take the funds ; and upon that theory a very plausible argument is made (and with some force) by this author ; but on page 45 this statement is made (citing various authorities):

"Such bridges, may, however, form part of the municipal streets, and when this is true, it may be that it becomes the duty of the municipality to exercise ordinary care to maintain them in a reasonably safe condition for travel, but this duty can only arise when the bridges form part of the streets of the city, and are so used."

That is this case.  That is the manner in which this bridge is used. It forms part of the street, and is so used as a part of the street.  There is no direct authority anywhere that county commissioners have the right to build a bridge on a street as such.  If it is a state or county road, or any of those denominated in those statutes, passing through a

city, then they have that right under the statute ; but not because it is a street as such that they have the right to construct these bridges.

I don't know that there is anything further that we need say, because it would only be to repeat what was said before, further than to announce the conclusion. The question is made in the case of the bridge swept out in East Newark, whether or not the city authorities, under the provisions of sec. 2640, which imposes the duty that they shall keep their streets, public grounds, lanes and bridges in repair and free from nuisance, shall close their eyes to the fact that that bridge is swept away, and say that the county commissioners must put up guards and lights at night time; that the city will not, and if any person drives into that great excavation there and is killed, the city ought to be exonerated. That is the proposition submitted, and we think that the provisions of sec. 2640 cannot be annulled or abrogated by the provisions of sec. 860, or any of these statutes. We think sec. 4938 is helpful in defining what kind of roads and turnpikes, etc., the county commissioners have the right to construct bridges on. Now, adding the fact that bridges are part of the streets, and that there is no authority for county commissioners to construct bridges on streets as such, and construing sec. 2640 with secs. 806 and 4938, we are not willing that this sec., to-wit: 2640, shall be so abrogated or annulled as to exonerate the city from putting up lights ; and that meets the objection made that they could not fence off this street ; lights could be placed there which would be a sufficient guard. No person ought to drive into a place like that in the day time ; the city would have a good defense if they did; but they cannot simply say that we will abrogate sec. 2640, because the county commissioners are interfering with a part of our street, or doing a public work upon it, and that there is no liability upon the part of the city. We think this judgment ought to be affirmed.

*T. B. Fulton*, for plaintiff in error.

*Waldo Taylor*, for defendant in error.